## THOMAS MULLALLY V. JOSEPH DINGMAN.

### FILED OCTOBER 16, 1901.   No. 10,383.

1. **Question of Fact: CONFLICTING EVIDENCE: REVIEW.** Questions of fact determined upon fairly conflicting evidence by a jury will not be examined in error proceedings in the supreme court. *Lydick v. Gill,* 57 Nebr., 89.

2. **Interest: DELAYED PAYMENT.** When money is due and withheld by unreasonable delay of payment, interest may be allowed at the rate of seven per cent. per annum.   Compiled Statutes, 1901, ch. 44, sec. 4.

3. ———: **CHARGE OF COURT.** It is not error, as to a defendant in a suit for wages alleged to be due and unpaid, to charge the jury that plaintiff could recover interest on whatever sum was found due him at the rate of seven per cent. per annum after six months from the time the amount has been witheld to the time of the trial.

4. **Plea of Payment: BURDEN OF PROOF.** When payment is pleaded, which is disputed, the burden is on the party pleading payment to prove the same by a preponderance of the evidence; and if he fails to do so, or if the evidence on that issue is evenly balanced, proof of payment is insufficient, and it is not error to so instruct the jury.

ERROR from the district court for Harlan county.   Tried below before BEALL, J.   *Affirmed.*

*J. G. Thompson,* for plaintiff in error.

*C. M. Miller,* contra.

HOLCOMB, J.

The plaintiff below, defendant in error, sued to recover for wages alleged to be due for three months' employment by defendant, plaintiff in error, for which it is alleged in the petition he was to receive $16 per month, no part of which had been paid except the sum of $22.59.   Judgment was prayed for in the sum of $25.41 and interest.   The answer alleged the contract of employment was for a period of six months at the agreed price of $15 per month; that the plaintiff had worked only two months and that $28.70

had been paid to him therefor; that the defendant had been damaged in the sum of $15 by the plaintiff's breach of contract, and that after allowing all just credits there was due defendant from plaintiff $13.70 for which he prayed judgment. The case went to trial upon the issues thus formed and resulted in a verdict and judgment in favor of the plaintiff for $26.50. Defendant brings error.

It is argued that the verdict is not sustained by sufficient evidence. On the points in issue, as to whether the contract of employment was for the period of six months or by the month for no specified time, and the amount paid plaintiff over and above the sum admitted by him, the evidence is fairly conflicting, which precludes us from saying the verdict is not supported by sufficient evidence. *Lydick v. Gill*, 57 Nebr., 89.

Two instructions given the jury were excepted to by defendant and the giving thereof is assigned and argued as error prejudicial to him. The first is as follows: "If you find in favor of the plaintiff in this action you will then allow him interest on such amount as you find due him at the rate of seven per cent. per annum six months from the time said amount has been withheld up to the present time." Under the plaintiff's theory of the contract, which it is evident the jury found to be the correct one, he would be entitled to interest on the money withheld from the time it was due, which would be at the expiration of the term of service, unless perchance each month's wages became due and payable at the end of the month, which we need not here determine. The statute provides that, on money due and withheld by unreasonable delay of payment, interest may be allowed at the rate of seven per cent. per annum. Compiled Statutes, 1901, ch. 44, sec. 4. The defendant insists that interest can not be recovered until six months after the money becomes due. This, in effect, is what the court told the jury. The money could not be withheld until it became due, and therefore the instruction conforms to the defendant's view of the law of the case. Even treating the amount sued for as the bal-

ance of an unsettled account, the instruction must be regarded as giving to the defendant all that he could rightfully ask. It can not, we think, under any reasonable rule of interpretation be said that the money was or could be withheld until the termination of the services rendered, and the instruction advises the jury not to allow interest until six months after that time. The instruction was more favorable to the defendant, in our judgment, than he was entitled to. The other instruction excepted to is as follows: "You are instructed that the burden of proof of payment in this action is upon the defendant, and, if you find that the evidence in this action is equally balanced upon the point of payment, you will then find as to such point in favor of the plaintiff." As to the amount claimed to have been paid in excess of the sum admitted by the plaintiff, the burden of proof was certainly on the defendant to establish payment by a preponderance of the evidence, and if he failed to do so or if the evidence was on that controverted point evenly balanced, the plaintiff was entitled to a finding in his favor as to such disputed payment. Although not clearly expressed, we think this is the purport of the instruction.

Other errors assigned are not argued and are, therefore, deemed waived.

Perceiving no prejudicial error in the record, the judgment of the trial court is

AFFIRMED.