prehension, and, if those had not been made and I had told the truth in respect to those matters, I would have been entitled to a certificate."

To permit her to do this would establish a rule whereby an applicant might obtain a certificate upon an application that contained no word of truth, and permit him to sustain it by a disclosure of the truth. I do not believe an applicant may be permitted to accomplish such a complete somersault. If so, then a different rule must obtain in these proceedings from that which is applicable in any other proceeding known to the law. But it is said that the case of Moulton, supra, expressly so holds and is controlling. I confess I am not able to dispute this, but, as indicated above, I do not regard the language employed as a law binding upon this court. The defendant may not play fast and loose in the manner here attempted. She must stand or fall upon the truthfulness of her own statements. She cannot make immaterial what was clearly material at the time the certificate was issued. I am therefore of the opinion that the evidence relating to business done on the premises March 23, 1896, was immaterial and not within the issue; that, having obtained her certificate on the ground that the premises were not privileged and that the necessary consents had been given, she cannot, in proceedings to revoke, make the facts upon which the certificate was granted immaterial by showing that, if she had stated the truth in respect to other matters, she would have been entitled to a certificate on other grounds. A rule of law to the contrary would introduce into these proceedings the utmost confusion and uncertainty and give aid to the grossest deceptions.

We thus come to the question whether the statements, made by her and upon which the certificate was issued, were willfully false within the ruling of Matter of Kessler, supra. Her application states that there are only two dwellings within the prescribed limits. By her answer she admits there are three. The proof very satisfactorily shows that there are four. I cannot conceive how she could have been misled or have innocently misstated the number.

I am therefore of the opinion that the certificate was issued upon false statements, known by the applicant to be false at the time they were made, and that, therefore, the certificate should be revoked and canceled, with costs. Ordered accordingly.

---

(120 App. Div. 570)

SNEE v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

CARRIERS—STREET RAILROADS—PASSENGERS—TRANSFERS—ACTION FOR REFUSAL.
    In an action under Railroad Law, Laws 1892, p. 2107, c. 565, § 104, against a street railroad company for refusing a transfer, it is no defense that the company provided the conductor with transfers to give to passengers; the conductor's refusal being the company's, and section 39, providing exempting railroad companies from liability for asking or receiving more than lawful fare, where it is done through inadvertence or mistake not amounting to gross negligence, being inapplicable.

    Woodward, J., dissenting.

Appeal from Kings County Court.

Action by John Snee against the Brooklyn Heights Railroad Company. Judgment of dismissal (98 N. Y. Supp. 941), and plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Alfred J. Gilchrist (Jacob Neu, on the brief), for appellant.

I. R. Oeland, for respondent.

GAYNOR, J. This action was brought to recover the penalty of $50 prescribed by section 104 of the railroad law (Laws 1892, p. 2107, c. 565) for refusal by a street surface railroad company to deliver to a passenger a transfer for a continuous trip over its line and any connecting branch operated or controlled by it. The plaintiff testified that at the time of paying his fare and afterwards he asked the conductor to give him the transfer, and that the conductor refused, giving no explanation or reason. The complaint was dismissed on the ground that the defendant having provided for transfers, and given its conductors transfer tickets to give to passengers, it was not liable to the penalty for the refusal of the conductor to give the plaintiff a transfer ticket. This was error. The refusal of the conductor was that of the defendant. Section 39 of the railroad law, which provides that any railroad corporation which shall ask or receive more than the lawful rate of fare, unless "through inadvertence or mistake, not amounting to gross negligence," shall incur a penalty of $50, does not apply to the case. It is not to be construed with section 104. Its genesis and context are different (Laws 1857, p. 432, c. 185; Laws 1886, p. 660, c. 415), and the reservation in it has reference to mistakes of fact, such as of the distance between stations, or the like. The present case is for the refusal of a transfer ticket, not for asking or receiving an unlawful rate of fare.

The judgment should be reversed, and new trial ordered; costs to abide the event. All concur, except WOODWARD, J., who votes for affirmance on the opinion of Crane, County Judge.