value of their fee, subject to said easements. This will necessitate a reference back to the referee.

The order appealed from must be reversed, and the matter submitted to the referee to apportion the award in accordance with this opinion, and to report thereon to the court at Special Term, without costs in this court to any party. All concur.

---

(120 App. Div. 516)

MUNRO v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 21, 1907.)

LIMITATION OF ACTIONS—LIABILITY CREATED BY STATUTE—REFUSAL TO GIVE TRANSFER—PENALTIES.

    The limitation for the commencement of an action to recover the penalty declared by Railroad Law, Laws 1892, p. 1406, c. 676, § 104, for refusal by a street railroad company to give a transfer is prescribed by Code Civ. Proc. § 383, providing that an action upon a statute for a penalty, except where the statute imposing it prescribes a different limitation, must be commenced within three years, and not by Laws 1890, p. 1096, c. 565, § 39, limiting the time for the commencement of an action against a railroad company which shall ask or receive more than the lawful fare to one year from the accrual of the cause of action.

Appeal from Municipal Court of New York.

Action by Rilla Munro against the Brooklyn Heights Railroad Company to recover the penalty prescribed by Railroad Law, Laws 1892, p. 1406, c. 676, § 104, for a violation of that section. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

Charles A. Collin, for appellant.
Cyrus V. Washburn, for respondent.

HIRSCHBERG, P. J. The only question presented by this appeal is whether the action was brought in time. The plaintiff has recovered a judgment for a penalty of $50 incurred by the defendant for a violation of section 104 of the railroad law (chapter 676, p. 1406, Laws 1892), requiring it to carry a passenger for a single fare over certain lines and to give such passenger a transfer for that purpose.

The facts are undisputed. The plaintiff, on the 11th of April, 1904, boarded a car of the defendant's Halsey Street line at the crossing of Halsey street and Reid avenue, going west on Halsey street, in the borough of Brooklyn, and paid the conductor a 5-cent fare, and demanded a transfer to the Marcy Avenue line. It is conceded that she was entitled to such a transfer under the law. The transfer was refused. When she reached the Marcy Avenue line, she changed to a car of that line, and there was required to pay a second fare of five cents. The action was commenced May 9, 1905, more than one year after the cause of action accrued, and the appellant contends that by the terms of the railroad law, supra, the action is barred, because not commenced within the year.

By section 383, subd. 3, of the Code of Civil Procedure it is provided that "an action upon a statute, for a penalty or forfeiture, where the action is given to the person aggrieved, or to that person and the people of the state, except where the statute imposing it prescribes a different limitation," must be commenced within three years after the cause of action has accrued. Section 104 of the railroad law, supra, under which this action is brought, is entitled: "Contracting Corporations to Carry for One Fare; Penalty." It provides as follows:

"Every such corporation entering into such contract shall carry or permit any other party thereto to carry between any two points on the railroads or portions thereof embraced in such contract any passenger desiring to make one continuous trip between such points for one single fare, not higher than the fare lawfully chargeable by either by such corporations for an adult passenger. Every such corporation shall upon demand, and without extra charge, give to each passenger paying one single fare a transfer, entitling such passenger to one continuous trip to any point or portion of any railroad embraced in such contract, to the end that the public convenience may be promoted by the operation of the railroads embraced in such contract substantially as a single railroad with a single rate of fare. For every refusal to comply with the requirements of this section the corporation so refusing, shall forfeit fifty dollars to the aggrieved party."

It is obvious that no period for the commencement of the action is prescribed by the section quoted, and that the limitation is, therefore, that prescribed in the Code of Civil Procedure, unless some other provisions of the railroad law are controlling to the contrary. The contention of the appellant is that the provision of section 39, c. 565, p. 1096, of the Laws of 1890, is applicable and controlling, and limits the time for the commencement of this action to the period of one year from the incurring of the penalty. Section 39, supra, is entitled, "Penalty for Excessive Fare," and it provides that:

"Any railroad corporation, which shall ask or receive more than the lawful rate of fare, unless such overcharge was made through inadvertence or mistake, not amounting to gross negligence, shall forfeit fifty dollars, to be recovered with the excess so received by the party paying the same; but no action can be maintained therefor, unless commenced within one year after the cause of action accrued."

I do not think the limitation prescribed in section 39, supra, is applicable to an action for the violation of the provisions of section 104. While the two sections may possibly be read and construed together for many purposes, with respect to the question involved on this appeal they are to be regarded as quite separate and distinct. Section 39 relates to the exaction of more than the customary rate of lawful fare, namely, five cents. It could be violated in the case of a passenger making a trip in a single car, who has no desire or intention of being transferred to a connecting line. Section 104 relates to the carrying of passengers on connecting lines for a single rate of fare and the giving of a transfer as evidence of the right of such carriage. While it is true that the violation of section 104 may incidentallly result in the exaction of more than a single fare, and, consequently, the exaction of more than the lawful rate of fare, the penalty is aimed, not at

the excessive rate as such, but at the refusal to carry the passenger on connecting lines operated by a single company under contract in the same manner as though they constituted a single railroad. See, also, Snee v. Brooklyn Heights Railroad Co. (decided by this court June 7, 1907), 104 N. Y. Supp. 907.

I think that the action was in time, and that the judgment should be affirmed. All concur.

