RILLA MUNRO, Respondent, *v.* THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

Railroads — action against street railroad company to recover penalty for refusal to give transfer — time within which action must be commenced.

The time within which an action must be brought against a street railroad company, to recover a penalty for refusing a transfer as required by section 104 of the Railroad Law, is not limited to one year by section 39 of that law, but is governed by the three-year limitation prescribed by section 383 of the Code of Civil Procedure.

*Munro* v. *Brooklyn Heights R. R. Co.*, 120 App. Div. 516, affirmed.

(Argued March 31, 1909; decided May 4, 1909.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 27, 1907, affirming a judgment in favor

of plaintiff entered upon a decision of the Municipal Court of the city of New York.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles A. Collin* and *George D. Yeomans* for appellant. Section 39 of the Railroad Law, prescribing the short limitation of one year for an action to recover a penalty of fifty dollars from " any railroad corporation which shall ask or receive more than the lawful rate of fare," is applicable to an overcharge of fare in violation of section 104 of that law. (*Bull* v. *N. Y. City Ry. Co.*, 192 N. Y. 361.) The substance of section 104 of the Railroad Law is its limitation of the lawful rate of fare chargeable by a street surface railroad corporation under the circumstances described. The transportation of the passenger, under such circumstances, for a single fare, constitutes the essential substance of the section. The giving of a transfer ticket is merely incidental, and may be omitted, unless its refusal amounts to a denial of the substantial right of transportation for a single fare between the two points described. (*People ex rel. Linton* v. *B. H. R. R. Co.*, 172 N. Y. 90.)

*Cyrus V. Washburn* for respondent. The action for the penalty created by section 104 of the Railroad Law is clearly within the three-year limitation prescribed by the Code of Civil Procedure. (Code Civ. Pro. § 383.) By section 39 of the Railroad Law the penalty is aimed solely at the excessive fare; while by section 104 the penalty is aimed, not at the excessive rate as such, but at the refusal to issue the transfer and to carry the passenger on connecting lines thereunder, and all this is done when the transfer is refused. (L. 1857, ch. 185; L. 1886, ch. 415.) The fact that a new duty was imposed and a new penalty created for its refusal, clearly establishes the independence of the two sections, especially as to the question here certified. (*People* v. *B. H. R. R. Co.*, · 187 N. Y. 48; *Snee* v. *B. H. R. R. Co.*, 120 App. Div. 570;

*Bull* v. *N. Y. City Ry. Co.*, 192 N. Y. 361; *O'Connor* v. *B. H. R. R. Co.*, 123 App. Div. 784; *Bonnell* v. *Griswold*, 80 N. Y. 128.)

GRAY, J. This action was brought in the Municipal Court of the city of New York to recover a penalty of $50; which is given by section 104 of the Railroad Law, (L. 1890, ch. 565, as amended), to a passenger, where he has been refused a transfer, by one of the corporations referred to, entitling him, upon paying a single fare, to one continuous trip over the railroad of that corporation and that of any other corporation, with which it is under contract, or lease. The Appellate Division, in affirming a judgment recovered by plaintiff, has certified the case to this court. The appeal presents the one question, whether the action was brought in time. As it was brought more than a year after the cause of action accrued, that question depends upon whether the provisions of the Code of Civil Procedure governed the case, or those of the Railroad Law. Section 383 of the Code provides that actions must be brought within three years "for a penalty or forfeiture, where the action is given to the person aggrieved, * * * except where the statute imposing it prescribes a different limitation." Section 39 of the Railroad Law reads : "Penalty for Excessive Fare. — Any railroad corporation, which shall ask or receive more than the lawful rate of fare, unless such overcharge was made through inadvertence or mistake, not amounting to gross negligence, shall forfeit fifty dollars, to be recovered with the excess so received by the party paying the same; but no action can be maintained therefor, unless commenced within one year after the cause of action accrued." Section 104 of the Railroad Law, which authorizes this action, follows upon provisions applicable to street surface railroad corporations; permitting such an one to contract with any other for the use of their respective roads and prescribing, in such a case, for a charge of not more than five cents for one continuous ride between points on the connecting roads, within the limits of any incorporated city, or village. Sec-

tion 104 is entitled "Contracting corporations to carry for
one fare; Penalty." It provides that such corporations
"shall carry * * * between any two points on the
railroads or portions thereof embraced in such contract any
passenger desiring to make one continuous trip between such
points for one single fare, not higher than the fare lawfully
chargeable by either of such corporations for an adult pas-
senger. Every such corporation shall *upon demand, and
without extra charge, give to each passenger paying one
single fare a transfer, entitling such passenger to one contin-
uous trip* to any point or portion of any railroad embraced
in such contract, to the end that the public convenience may
be promoted by the operation of the railroads embraced in
such contract substantially as a single railroad with a single rate
of fare. *For every refusal to comply with the requirements
of this section* the corporation so refusing shall forfeit fifty
dollars to the aggrieved party. The provisions of this section
shall only apply to railroads wholly within the limits of any
incorporated city or village". This plaintiff, upon boarding
a car of a line operated by the defendant as lessee, paid the
fare of five cents and demanded a transfer to an intersecting
line, also, operated by the defendant as lessee. The conductor
refused to give her the transfer. Upon changing cars, she
was required to pay a second fare. The defendant argues
that, as section 104, while imposing a penalty, does not fix
the time within which an action must be commenced, sec-
tion 39 applies and its short limitation of one year would
constitute the exception contemplated by section 383 of the
Code. Undoubtedly, section 39 is, presumptively, applica-
ble to all railroad corporations, in its remedial provisions.
The applicability, however, is where the action is brought
to recover for an intentional demand, or collection, of more
than the lawful rate of fare. That is not the case contem-
plated by section 104. Considering its plain language in
connection with preceding provisions, we readily discover
the legislative intent. Railroad corporations were accorded

17

the right to contract with each other, by way of lease, or agreement, so that the general control might be vested in one, and in return for the privilege to do so, where the roads were wholly within cities, or villages, but a single fare was to be charged for the carriage of a passenger over the lines of the contracting companies. The penalty of a forfeiture of $50 was imposed, in order that compliance with the duty to give a transfer, when demanded by a passenger entitled thereto, might be assured. In a sense, where a passenger, entitled to a transfer to complete a continuous trip upon the connecting lines, is refused it and is, then, obliged to pay a second fare, the corporation has received more than the lawful rate of fare; but that is by no means the test, by which we get at the legislative intent in enacting section 104. The significance of the language of section 39, to the ordinary mind, is that of a legislative measure to prevent the exaction of the payment of more than the lawful fare from a passenger contracting with the corporate agent for his carriage to a terminal point; while that of section 104 is to enforce compliance with the requirement that, as to railroads within cities and villages, he shall be given a transfer upon his demand and his payment of a single fare. The right to enforce the forfeiture of the $50 accrues when the passenger has been refused the transfer, or voucher, entitling him to continue his trip upon the connecting line of road. If the plaintiff, upon leaving the car, in which she had paid her fare and had been refused the transfer, instead of entering the car of the connecting line, had walked to her destination, the right to sue for the penalty would have accrued to her. If the legislature, in enacting section 104, was aiming at the prevention of excessive fares, it would have been quite unnecessary to repeat in the section the provision for the penalty in such cases, which section 39 already contained. That repetition is significant. The preciseness of the language must not be lost sight of. There are two requirements of the section, for refusal to comply with which a forfeiture of $50 is worked, and one of them is that the corporation shall, upon demand and without extra charge,

give to the passenger a transfer. The purpose of this requirement is expressed in the added statement that it is "to the end that the public convenience may be promoted".

That it would be desirable that the short limitation of one year should be applicable to this class of actions, may well be admitted; but we are constrained by the fair reading of section 104 to construe it as prescribing a penalty, which is distinct from, and independent of, that imposed by section 39. Furthermore, to construe it otherwise would not be in harmony with the spirit of our prior decisions. (*Snee* v. *Brooklyn Heights R. R. Co.*, 120 App. Div. 570; affd., without opinion, 193 N. Y. 659, and *People* v. *Brooklyn Heights R. R. Co.* 187 N. Y. 48.) In the first of these cases, we affirmed a decision of the Appellate Division, which held, in an action to recover a penalty under section 104 for the refusal of a transfer ticket, that section 39 did not apply to the case and was not to be construed with it. The question of the time, within which such an action must be brought, was not involved; but the relevancy of the provisions of section 39 was. In the second case I have cited, it was said by Judge Haight, speaking for this court, with specific reference to the requirement to give a transfer to the passenger demanding one, "in case of a violation of its duty in this regard" a penalty is provided etc. This observation points to the legislative purpose being one to punish for the violation of a duty cast upon the corporation and not for the collection of an excessive fare.

I think the judgment should be affirmed.

Cullen, Ch. J., Edward T. Bartlett, Haight, Vann, Willard Bartlett and Chase, JJ., concur.

Judgment affirmed, with costs.