LOBDELL v. VILLAGE OF NORTHVILLE.

(Supreme Court, Appellate Division, Third Department. May 28, 1912.)

1. EVIDENCE (§ 90*)—BURDEN OF PROOF.
    The burden of proof remains throughout the trial just where the pleadings originally placed it.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 112; Dec. Dig. § 90.*]

2. BOUNDARIES (§ 35*)—EVIDENCE—LOCATION OF LINES—SURVEYOR'S TESTIMONY.
    On an issue as to the location of lot lines and the original lines of a highway, it was error to refuse to permit a surveyor to testify as to where a certain great lot, subdivision lots, and an old road were located.
    [Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 153–155, 157–159, 163, 165, 177–183; Dec. Dig. § 35.*]
    Houghton, J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Fulton County.

Action by Bradley N. Lobdell against the Village of Northville. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Henry V. Borst, for appellant.
Fred Linus Carroll, for respondent.

BETTS, J. [1] I think this judgment must be reversed for error in the charge in placing the burden of proof as to the title of the land in question upon the defendant. It is unnecessary to cite authorities to the general proposition that the burden of proof does not shift, and remains through the trial just where the pleadings originally placed it. The respondent seeks to overcome this rule of law by citing two cases, which seem to be mainly relied upon. One is the case of Iselin v. Village of Cold Springs, reported in 120 App. Div. 576, 105 N. Y. Supp. 184. In that case Judge Miller, in writing for the court, stated that the burden was on the defendants to establish the easements which they asserted. But that was a case where there had been 60 years' possession of land, which was prima facie evidence of title, and the burden was then upon the defendant to overcome that prima facie title. The case does not hold that, after all the evidence is in, the burden is not still upon the plaintiff to establish its right. In Bradt v. City of Albany, 5 Hun, 591, it was held that an excuse or justification for what would otherwise be confessedly a trespass upon private property is an affirmative defense, which must be pleaded and proved. There are other cases which hold in a general way that, after the plaintiff has proven a prima facie title, the burden is upon the defendant to overcome that proof. I do not believe that any of those cases go so far as to hold that the burden of proof shifts during the trial, so that the defendant must disprove the plaintiff's case by a preponderance of evidence. Price v. Brown, 101 N. Y. 669, 5 N. E. 434.

[2] I also think that this judgment should be reversed for the exclusion of competent testimony offered by defendant as to lot lines, and the original laying out of the highway offered to be shown by the defendant, by the village clerk, who was also a surveyor. The question as to what patent and lots this property was in was very material. The certificate of 1794 introduced in evidence showed that the road therein referred to was laid out between lots Nos. 1 and 2 in the subdivision of lot No. 20 beginning at a large dry pine tree standing on the bank of the river. This road in question, Ford street, originally led to the Sacandaga river to a fording place. Naturally, if the road laid out led to or began at the Sacandaga river in great lot 20, between lots 1 and 2, it would begin at or lead to this fording place, as otherwise there would be no way to cross this river.

The judge charged the jury that the town of Northampton was originally a part of the town of Broadalbin. He also took judicial notice that Fulton county was originally a part of Montgomery coun-

ty. There is no river in Fulton county, except the Sacandaga· river. Great lot 20 of the Northampton patent includes part, at least, of the village of Northville, and extends to the Sacandaga river.

Plaintiff's two deeds introduced in evidence locate his property in question in great lot No. 20 in Northampton patent, and parts of both lots are located along the center of the public highway in Northville leading westerly, on or near the north line of said lot No. 1, and extend through to and along the highway in the south line of lot No. 1; hence it was important to show where the great lot No. 20 was, and where the subdivision lots, Nos. 1 and 2, were. It was also important to locate that old road, if it could be done, and to show the width of it, and the defendant was not allowed to make any progress at all towards showing these facts.

It is a very common question to ask surveyors as to whether they know, or not, the location of lot lines, particularly of great lots; and it is for the jury, after cross-examination, from all the evidence submitted, where such a line is in dispute, to determine whether the surveyor answered correctly or not.

I think, for these reasons, the judgment and order should be reversed, and a new trial granted, with costs and disbursements to appellant to abide the event.

SMITH, P. J., concurs. KELLOGG and LYON, JJ., concur, upon the ground that the judge erroneously charged that the burden of proof was upon the defendant. HOUGHTON, J., dissents.