FRANK OSBORNE, Appellant, *v.* INTERNATIONAL RAILWAY COMPANY, Respondent.

Fourth Department, April 4, 1917.

Railroad — issuance of defective transfer by conductor of street car — Public Service Commissions Law, section 49, construed — unintentional mistake — when railroad company liable for penalty.

Subdivision 7 of section 49 of the Public Service Commissions Law which imposes a penalty of fifty dollars on certain street railroad corporations, which are under contract to carry passengers of other lines, for a failure to give a passenger a transfer upon demand without extra charge and which requires the carriage of the passenger for a single fare does not make the deliberate or intentional violation of the statute by the railroad essential to the recovery of the penalty.

Hence, where the conductor of a car of such railroad through inadvertence issued a defective transfer to the plaintiff and the conductor of another car refused to accept the same and made the plaintiff pay another fare, the railroad company is liable for the penalty, for it has not carried the plaintiff for a single fare as required by the statute.

*It seems,* that if the action for a penalty had been predicated upon section 59 of the Railroad Law, it would have been necessary to show that the overcharge was not made through inadvertence or mistake not amounting to gross negligence.

FOOTE, J., dissented, with memorandum.

APPEAL by the plaintiff, Frank Osborne, from a judgment of the Supreme Court in favor of the defendant, entered in the

office of the clerk of the county of Erie on the 15th day of December, 1916, reversing a judgment of the City Court of Buffalo herein in plaintiff's favor and dismissing the complaint, and also from an order entered in said clerk's office on the same day pursuant to which said judgment was entered.

*Harold J. Tillou* and *Hamilton Ward,* for the appellant.

*Harold S. Brown,* for the respondent.

KRUSE, P. J.:

The action is to recover a penalty. The plaintiff was a passenger riding upon a transfer. He had paid his full fare and should have been given a transfer which entitled him to transportation in the car in which he was riding, but the conductor who gave him the transfer did not properly punch it so as to entitle plaintiff to ride thereon. He was required to pay and did pay additional fare. Thereupon this action was brought to recover a penalty of fifty dollars.

The plaintiff originally based the right to recover upon sections 181 and 59 of the Railroad Law (Consol. Laws, chap. 49; Laws of 1910, chap. 481), and also upon subdivision 7 of section 49 of the Public Service Commissions Law (Consol. Laws, chap. 48; Laws of 1910, chap. 480).

Section 181 of the Railroad Law forbids the corporation therein described to charge any passenger more than five cents for one continuous ride from any point on its road, or on any road, line or branch operated by it, or under its control, to any other point or any connecting branch or extension, under certain conditions and limitations therein stated.

Section 59 of the Railroad Law makes a railroad corporation liable for a penalty of fifty dollars for asking or receiving more than the lawful rate of fare unless the overcharge was made through inadvertence or mistake not amounting to gross negligence, to be recovered with the excess so received by the party paying the excess fare.

At the close of the testimony the plaintiff withdrew his claim under these two sections, but insisted that he was entitled to recover the penalty for the refusal of the defendant to comply with subdivision 7 of section 49 of the Public Service Commis-

sions Law, which requires certain street surface railroad corporations therein mentioned, entering into contracts with other street surface railroads as therein provided, to carry any passenger desiring to make one continuous trip between two points on the railroads or portions embraced in the contract, for a single fare, and also requires such corporation to give to such passenger, paying one single fare, upon demand and without extra charge, a transfer entitling the passenger to such continuous trip. It further provides that for every refusal to comply with these requirements the corporation so refusing shall forfeit fifty dollars to the aggrieved party.

It appears that the defendant was organized by a consolidation and merger of certain other railroad corporations which had entered into the so-called Milburn agreement for the operation of the railroads owned by them respectively, ratified by a special act of the Legislature. (Laws of 1892, chap. 151.) The proof seems to indicate that the defendant is within the description contained in subdivision 7 of section 49 of the Public Service Commissions Law, and no point is made that it is not.

The City Court awarded judgment for the plaintiff, but the Special Term reversed the judgment upon the ground that the evidence does not show that the defendant refused to comply with the requirements of the statute, but that on the contrary the defendant was endeavoring in good faith to comply with it, holding that the statute was designed to punish transportation companies which unlawfully, deliberately or unreasonably refused to carry for a lawful fare. (98 Misc. Rep. 7.)

If this action were predicated upon section 59 of the Railroad Law, I think the reversal should be sustained, because under the express provisions of that section it does not cover an overcharge made through inadvertence or mistake not amounting to gross negligence. But subdivision 7 of section 49 of the Public Service Commissions Law contains no such limitation. I think the evidence here shows that the defendant refused to comply with the requirements of the statute. It did not carry him for a single fare, as the statute provides, and the conductor refused to do so. It is true that the conductor who collected the additional fare was not at fault. Neither was the

plaintiff. The blame rested upon the conductor who issued the transfer. But that is chargeable to the company rather than the passenger. The statute does not say that there must be a deliberate or intentional violation. The company is liable for the refusal to comply with its requirements, though it may be the result of carelessness or even inadvertence of its employees to carry out the instructions or rules made for carrying on the traffic.

I think this conclusion is supported by the reasoning in *Snee* v. *Brooklyn Heights R. R. Co.* (120 App. Div. 570).

Our attention is called to the case of *McCarthy* v. *International R. Co.* (126 App. Div. 182), decided in this department in May, 1908. An examination of the record and the opinion in that case clearly discloses that the action there was to recover a penalty under section 39 of the former Railroad Law (Gen. Laws, chap. 39; Laws of 1890, chap. 565), which is now section 59 of the present Railroad Law, and not under the provisions of any statute similar to the one upon which this recovery is founded.

I think the case was correctly decided by the City Court and that the judgment of the Special Term should be reversed and that of the City Court affirmed, with costs.

All concurred, except FOOTE, J., who dissented in a memorandum.

FOOTE, J. (dissenting):

I dissent and vote for affirmance.

If I understand the matter correctly the defendant, by the merger and consolidation of the several street surface railroad companies in Buffalo, is now the sole owner and operator of all the lines. Under these circumstances it would seem that it is regulated as to its rates of fare and its duty to carry passengers between different points on its whole system by section 181 of the Railroad Law (Consol. Laws, chap. 49; Laws of 1910, chap. 481) which prescribes a five-cent fare, and that its liability for failure to comply with this section is the one prescribed by section 59 of the Railroad Law. Such must necessarily be the case as respects passengers whose journey takes them over lines of one of the merged companies only.

It may be that there are reasons why section 181 is not applicable, not disclosed by this record, but if it is applicable, I think it should be held to be the controlling statute, to the end that defendant's liability for penalties arising as in this case, from a mere unintentional error of the conductor in punching the transfer will be the same whether the passenger seeks to ride over a part of its lines which originally belonged wholly to one of the merged companies or lines that belonged originally to different companies.

This question was not involved in *Braffett* v. *Brooklyn, Q. C. & S. R. R. Co.* (204 N. Y. 440) for in that case the refusal to issue the transfer was absolute and intentional, the claim of the defendant company being that it was not required to carry plaintiff over the two sections of its road for a single fare.

Judgment of Special Term reversed, with costs, and judgment of City Court affirmed, with costs.