THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY MURCH, Appellant.*— Judgment of conviction of the County Court of Queens county unanimously affirmed. No opinion. Lazansky, P. J., Young, Kapper and Hagarty, JJ., concur; Scudder, J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH PALMER, Appellant.†— Judgment of conviction and order unanimously affirmed. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MILTON WATSON, Appellant.†— Judgment of conviction and order unanimously affirmed. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.

JOHN SCHVENTNER, Respondent, v. NORTH SHORE BUS CO., INC., Appellant. JOHN SCHVENTNER, as Administrator de Bonis Non of the Goods, Chattels and Credits of STEPHEN SCHVENTNER, JR., Deceased, Respondent, v. NORTH SHORE BUS CO., INC., Appellant.— Judgments and orders reversed on the law and the facts and a new trial granted, costs to abide the event. The verdict of the jury in favor of John Schventner and John Schventner, as administrator, was against the weight of the evidence. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.

EMMA S. SCOLES, as Administratrix, etc., of FRANCIS SCOLES, Deceased, Respondent, v. VICTOR L. ZIMMERMAN, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Lazansky, P. J., Young, Kapper and Hagarty, JJ., concur; Scudder, J., not voting.

FRED L. SEUFERT, Respondent, v. THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.‡— Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. We are of opinion that the court erred in submitting this case to the jury upon the theory that the burden of proof was upon the defendant to establish by a fair preponderance of the evidence that the plaintiff was not a member in good standing in the defendant association at the time of his injury. The issue here, under the law of the case, was whether or not the defendant had mailed to the plaintiff a notice of assessment forty-five days prior to the 18th day of June, 1931, which assessment, concededly, was not paid within the time prescribed by the notice. The court charged the jury that if it found that the probabilities in respect to the mailing of notice and the non-mailing of notice were equally balanced, then under the rule, the defendant having the burden of proving that the notice was given, the plaintiff must prevail. Membership was part of plaintiff's case, and a condition precedent to a recovery. Plaintiff's testimony and the certificate of membership established this *prima facie* case. The *prima facie* case, however, was overcome by defendant's proof, if credited, and the burden of proof was upon the plaintiff, and never shifted. (*F. L. & T. Co.* v. *Siefke*, 144 N. Y. 354; *Murray* v. *Narwood*, 192 id. 172; *Lobdell* v. *Village of Northville*, 151 App. Div. 384; *Griffith* v. *American Bridge Co.*, 157 id. 264, 268; *Lynch* v. *Figge*, 200 id. 92.) Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.