(54 Misc. Rep. 163)

## ROBINSON v. INTERNATIONAL RY. CO.

(Supreme Court, Special Term, Erie County. March 12, 1907.)

CARRIERS—STREET RAILROADS—COLLECTION OF FARES—MISTAKE.

    After receiving a fare from a passenger a street car conductor again demanded his fare, denied that the passenger had paid and obtained a second fare on threatening to eject him unless he paid his "fare." *Held*, that the second fare was received through inadvertence or mistake not amounting to gross negligence, and hence the passenger could not recover a penalty under Railroad Law, § 39 (Laws 1890, p. 1096, c. 565), penalizing a railroad corporation asking or receiving more than the lawful rate of fare, unless the overcharge is made through inadvertence or mistake not amounting to gross negligence.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 34.]

Appeal from Municipal Court of Buffalo.

Action by Thomas Robinson against the International Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Dana L. Spring, for appellant.
W. R. Daniels, for respondent.

BROWN, J. It is provided by section 39 of the railroad law (Laws 1890, p. 1096, c. 565), that any railroad corporation which shall ask or receive more than the lawful rate of fare, unless such overcharge was made through inadvertence or mistake not amounting to gross negligence, shall forfeit $50.

The complaint alleges that plaintiff boarded defendant's car at Bryant street and Elmwood avenue in the city of Buffalo, paid his fare of five cents, and, when the car reached Allen street, the defendant's conductor asked and demanded of plaintiff an additional fare of five cents; that plaintiff informed such conductor that he had already paid his fare, which fact was disputed by the conductor, who insisted upon, and did demand of plaintiff, payment of said additional fare which the plaintiff was obliged to pay, as the conductor informed plaintiff if he did not pay said additional fare the conductor would put the plaintiff off the car. The proof reveals the fact that plaintiff did pay one fare at Elmwood avenue and Bryant street, and that the car proceeded a short distance when the conductor came in again, and demanded plaintiff's fare. Plaintiff told the conductor that he had paid it, and the conductor said it had not been paid. The conductor told plaintiff "if I did not pay my fare he would put me off the car." The plaintiff thereupon paid an additional fare of five cents. As plaintiff was leaving the car at Edward and Main streets, the conductor told plaintiff "I hadn't paid my fare. I told him I did; and I got off the car there, and that is all there is about it." One witness other than the plaintiff was sworn who testified that he was a passenger on the car; that after plaintiff got on the car the conductor collected a fare of the plaintiff; that then the conductor went to the rear platform and a few minutes after came in again and asked plaintiff for his fare. Plaintiff said, "Why, I paid my fare." The conductor said, "No, you didn't pay your fare." Plaintiff replied, "Well, I did;" the conductor

stating, "You will have to pay your fare or get off the car." Plaintiff then paid his fare again.

It is quite apparent that whatever the conductor did relative to the second fare was done under the impression and belief on his part that the first fare had not been paid. The conductor was simply mistaken about the first fare, and the second fare was demanded through inadvertence or mistake. Such transaction did not amount to gross negligence. There is no proof whatever that the defendant asked or demanded more than five cents for a single fare of this plaintiff. The proof shows that what the conductor did was to demand two single fares of five cents each, not ten cents for one single fare. If the conductor had demanded ten cents for a single fare a case would have been made out of an excessive charge being made not through inadvertence or mistake, but the second demand for the five-cent fare being made, under the mistaken belief that no prior fare had been paid for the ride, the provision of the statute does not apply, and plaintiff's remedy is to recover the overcharge and damages resulting therefrom.

The judgment must be reversed, without costs to either party.