## WYSOCKI v. ERIE R. CO.

(Supreme Court, Appellate Division, Fourth Department.   March 5, 1913.)

1. CARRIERS (§ 20*)—CONSTRUCTION—PENAL STATUTES.

Railroad Law (Consol. Laws 1910, c. 49) § 59, providing that any railroad corporation asking or receiving more than the lawful rate of fare, unless the overcharge was through mistake not amounting to gross negligence, shall forfeit $50, is a penal statute, so that one seeking to recover under it has the burden of bringing his case clearly within its terms; the railroad company being entitled to the benefit of any reasonable doubt in applying it. · ·

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 33–49, 133, 927; Dec. Dig. § 20.*]

2. CARRIERS (§ 20*)—PASSENGERS—PENALTIES—CHARGING "EXCESS FARE."

Plaintiff applied to defendant's ticket agent for a ticket for himself and transportation in the baggage car for his dog, and paid for the ticket and also for transportation for his dog; but the agent only handed him a check for the dog, without a passenger ticket, whereupon the conductor required him to pay his fare, and when it was afterwards ascertained that the agent had not given plaintiff his ticket, the company tendered him the amount paid therefor. *Held*, that plaintiff was not charged an excessive rate of fare, within Railroad Law (Consol. Laws 1910, c. 49) § 59, imposing a penalty, recoverable by the passenger, upon a railroad which received more than the lawful rate of fare, unless the overcharge was through inadvertence, not amounting to gross negligence, but was merely a case of charging the lawful rate of fare twice through mistake of the agent, so that plaintiff could not recover the penalty.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 33–49, 133, 927; Dec. Dig. § 20.*]

3. CARRIERS (§ 20*)—PASSENGERS—ACTIONS FOR PENALTY—SUFFICIENCY OF EVIDENCE—GROSS NEGLIGENCE.

Evidence in an action against a railroad company for the statutory penalty for receiving more than the lawful rate of fare *held* to show that the failure of defendant's agent to give plaintiff a ticket paid for, causing him to pay his fare again on the train, was due to mistake, and not to gross negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 33–49, 133, 927; Dec. Dig. § 20.*]

Kruse and Robson, JJ., dissenting.

Appeal from Trial Term, Chautauqua County.

Action by Frank Wysocki against the Erie Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Action to recover a penalty, under section 59 of the Railroad Law (Consol. Laws 1910, c. 49), for demanding and receiving excessive rate of fare for plaintiff's transportation upon one of defendant's trains from Dayton, N. Y., to Dunkirk, N. Y., on October 31, 1911. The lawful rate of fare was 55 cents. Plaintiff applied to the ticket agent at Dayton shortly before train time for a ticket for himself and transportation in the baggage car for his dog to Dunkirk. He was charged 55 cents for his ticket and 25 cents for his dog. The agent handed him only the check for the dog, and on the train, having no passenger ticket, the conductor required him to pay his fare, in accordance with the rules of the defendant in such cases. The conductor, before the train reached Dunkirk, telegraphed to the agent at Dayton to verify plaintiff's claim that he had purchased a ticket, and it being discov-

ered that night by the agent at Dayton that he had 55 cents more in his cash than his account of tickets sold amounted to, the company caused the 55 cents to be tendered to plaintiff at Dunkirk the next day, and plaintiff refused to accept it, and immediately brought this action.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Marion H. Fisher, of Jamestown, for appellant.
Nelson J. Palmer, of Dunkirk, for respondent.

FOOTE, J.　Plaintiff brings this action to recover a penalty claimed to have been incurred by defendant for violation of section 59 of the Railroad Law, which is as follows:

"Sec. 59. Penalty for Excessive Fare. Any railroad corporation which shall ask or receive more than the lawful rate of fare, unless such overcharge was made through inadvertence or mistake, not amounting to gross negligence, shall forfeit fifty dollars, to be recovered with the excess so received by the party paying the same; but no action can be maintained therefor, unless commenced within one year after the cause of action accrued."

[1] This is a penal statute. To recover under it, plaintiff has the burden of bringing the case clearly within its terms, and defendant is entitled to the benefit of any reasonable doubt of the application of the statute to the case as made. As was said by Marvin, J., in Chase v. N. Y. C. & H. R. R. R. Co., 26 N. Y. 523:

"In statutes giving a penalty, if there be reasonable doubt of the case made upon the trial or in the pleadings coming within the statute, the party of whom the penalty is claimed is to have the benefit of such doubt."

This doctrine is cited with approval in Goodspeed v. Ithaca St. Ry. Co., 184 N. Y. 351, 77 N. E. 392.

[2] To recover here, plaintiff was bound to show by preponderance of evidence that the acts of defendant's agents by which he was required to pay the lawful rate of fare twice over was not by reason of the "inadvertence or mistake" of those agents "not amounting to gross negligence." This was not a case of charging an excessive rate of fare within this statute, but a case of charging the lawful rate of fare twice over because of the mistake of defendant's agents, not as to the lawful rate, but as to whether it had once been paid, and is like the case of Robinson v. International Ry. Co., 54 Misc. Rep. 163, 103 N. Y. Supp. 588, where Judge Brown ruled that the statute did not apply to the case of a street car conductor, demanding and collecting the lawful fare of five cents the second time, under the mistaken belief that the fare had not been previously paid.

[3] But if I am wrong in this view, still I think plaintiff did not make a case to show that the failure of defendant's ticket agent at Dayton to give plaintiff a ticket at the time he paid his fare was due to anything more than ordinary inadvertence or mistake. The evidence shows that this agent had four trains to take care of at this station at this time, and that he was alone in the ticket office; that ordinarily the baggageman attended to issuing the dog checks, but at this time the baggageman was engaged in transferring baggage from one train to another, and so the agent, in the midst of his other du-

ties, undertook to and did issue the dog check to plaintiff. Issuing the dog check involved writing the details upon three separate pieces of cardboard attached together, getting plaintiff's signature, tearing them apart, and preserving one section for the agent's files, all of which occupied the attention of the agent a considerable period of time; and when this was finished, it is reasonably apparent from the circumstances disclosed that the agent was then under the impression that he had given out the railroad ticket to plaintiff, for he then handed him only the dog check. Plaintiff's testimony is that he then waited for a time at the ticket window, and then said to the ticket agent, "Is that ticket going to carry me and the dog?" The agent said "Yes." He does not say that he then exhibited the dog check to the agent as the ticket he was talking about, and his statement is not at all inconsistent with the agent's belief or understanding that plaintiff then had his passenger ticket. A little later, after plaintiff's friends had told him that he had nothing but a dog check, and that it was not a ticket that would carry him, plaintiff says he went back to the agent and said, "Is that ticket going to carry me and the dog?" and the agent said, "Yes, all you have got to have is the chain." Here again plaintiff fails to state whether he exhibited his dog check to the agent, and here again the agent may have, and we may fairly infer did assume that plaintiff had his passenger ticket. It is true that plaintiff's companion, Rusinowski, when pressed on cross-examination, said that plaintiff did show the agent the dog check when making the last inquiry of the agent; but he did not so state on his direct examination, nor did his associate or the plaintiff so testify.

The conductor of the train was, of course, right in collecting the fare from the plaintiff. It was his duty to do so, and it was the duty of the plaintiff to pay, because he had no ticket; but the jury has evidently punished the company in this case because of the conduct of this conductor. The case must turn upon the conduct of the ticket agent, and the case as made does not show that the failure of the ticket agent to give the plaintiff a passenger ticket was not through inadvertence or mistake. On the contrary, no other inference can properly be drawn from the evidence than that it was. Plaintiff could not show that the agent's inadvertence or mistake amounted to gross negligence, without showing that he exhibited to the agent the ticket concerning which he asked the questions, and made the agent aware of the fact that he was inquiring whether he himself could ride on this dog check as a railroad ticket. He did not so testify, nor could the jury properly infer from the evidence in the case, in view of the penal nature of the action and the rule as to the burden of proof, that the ticket agent was made aware of the fact that the ticket concerning which plaintiff's two inquiries were made was simply a dog check.

Our conclusion is that the verdict in this case is against the weight of the evidence, and that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except KRUSE and ROBSON, JJ., who dissent.