Culver v. Wilbern Bros.

CULVER v. WILBERN BROS.

1. **Usury : SURETYSHIP.** If a surety has given his own note in part payment of his principal's usurious debt, he cannot maintain the plea of usury against the holder of the note so given.

*Appeal from Osceola Circuit Court.*

TUESDAY, APRIL 2.

ACTION upon a promissory note. The defendants plead usury. Previous to the execution of the note in suit, the plaintiff held a larger note, executed by one Chambers as principal and the defendants as sureties, which note was usurious. Before its maturity, the defendants took it up, paying a part of the amount thereof in money, and giving their note for the balance. This action is brought upon the latter note. The court sustained the plea of usury, and the plaintiff appeals.

*Chase & Taylor*, for appellant.

*H. Jordan*, for appellees.

ADAMS, J.—We think that the transaction by which the defendants took up the original note was either a payment or purchase, and that in either case the defendants cannot maintain the plea of usury. What the defendants' theory is does not very distinctly appear; but they speak of the note in suit as a substituted note. We presume that their theory is, that the note was given by way of renewal, and that it is therefore subject to the plea of usury, upon the same ground that the original note would be. If the note was given by way of renewal, it would doubtless be subject to the plea of usury. The question then is : Can the note be properly considered as given by way of renewal ? In our opinion, it cannot. To constitute a renewal, the new note should be executed

by the principal. Where there is a renewal, the original note becomes extinguished. In this case the defendants caused the original note to be indorsed to them, and they brought an action in attachment on it against Chambers, averring that they had purchased it. It would be a singular use of language to say that a note which has been renewed is still outstanding and enforceable. We think that where a surety takes up the note of his principal the transaction is necessarily either a payment or purchase. There are decisions which would seem to indicate that it should be regarded as a payment, and not a purchase. The surety can recover only the amount paid by him, even though he takes an assignment of the claim. *Blow v. Maynard,* 2 Leigh, 54. So the statute of limitations begins to run against the surety from the time of payment, if the note was then due. *Hale v. Andrus,* 6 Cowen, 225; *Walker v. Lathrop,* 6 Iowa, 516; *Tillotson v. Rose,* 11 Met., 299. But whether the transaction in this case be regarded as a payment or purchase, the defense of usury is not available. If it be regarded as a payment, the usurious debt is extinguished. The note given in part payment represents a different debt. The original note is discharged. Whatever claim the defendants have upon Chambers is not upon the note, but upon his implied promise to indemnify them. *Copis v. Middleton,* 1 Turn. & Russ., 224; *Hodgson v. Shaw,* 3 Mylne & Keen, 183. They can recover, as we have seen, what they have paid, and no more. If, however, they have given their note in part payment, they can include the amount of the note so given, even though not paid. *Rodman v. Hedden,* 10 Wendell, 498. Nor can a principal maintain a plea of usury against a surety who has paid his usurious debt. This results from the fact that the surety is entitled to full indemnity, and it is his right to pay immediately upon the maturity of the note, and to seek indemnity. He cannot be subjected to the trouble and delay of waiting to be sued, and then of interposing the defense of usury. In our opinion, it follows that if he has given his own note in part payment of his princi-

pal's usurious debt, he cannot maintain the plea of usury against the holder of the note so given. He cannot be allowed to speculate upon his suretyship. Yet that is what the defendants are attempting to do. They have brought an action in attachment to recover the amount of the original note, and are seeking to avoid their own obligation—the giving of which, if they paid the original note, constitutes the sole basis for their recovery.

If the transaction in question could be regarded as a purchase, so as to give the defendants a right of action upon the original note against Chambers, and if Chambers, in such action, could plead usury, still these defendants could not have recourse to their assignor until they have sustained loss by reason of the usurious character of the note. Code, § 2081.

REVERSED.