## JAMES PALMER V. MRS. P. L. CARPENTER.

### FILED JANUARY 3, 1898.   No. 7721.

1. **Usury:** ACCOMMODATION NOTE: RENEWAL. Where one executes his negotiable note payable to the order of a debtor and delivers it to him as an accommodation, and the debtor indorses and delivers the note to his creditor in payment of a usurious note due the creditor from the debtor, such accommodation note is not a renewal of the usurious note; and, in a suit on the accommodation note against the maker, he cannot interpose, as a defense thereto, the usurious contract existing between the creditor and debtor.

2. **Lost Instruments:** RECOVERY: INDEMNITY. Where a negotiable promissory note payable to order is lost before its maturity, never having been indorsed or transferred, the execution of an indemnity bond by the owner to the maker is not an essential prerequisite in order to a recovery upon such note.

ERROR from the district court of Saline county.   Tried below before HASTINGS, J.   *Affirmed.*

*Joshua Palmer* and *Abbott & Abbott,* for plaintiff in error.

*John B. Scott* and *John D. Pope, contra.*

RAGAN, C.

In the district court of Saline county Mrs. P. L. Carpenter recovered a judgment on a promissory note against James Palmer and the latter has filed here a petition in error to review that judgment.

1. There is little if any dispute as to the material facts of the case and they are briefly as follows: Joshua and James Palmer were brothers and Joshua became largely indebted to Mrs. Carpenter for money borrowed for which he executed to her his note and by the contract between them Joshua was to pay interest on the money borrowed at the rate of 18 per cent per annum.

In 1890 Joshua and Mrs. Carpenter had a settlement and at that time Joshua paid to her quite a large sum of money and still owed her $300.   To pay this sum Joshua

induced his brother James to execute his note for $300 drawing interest at 10 per cent per annum payable to the order of Joshua Palmer, and he indorsed and delivered this note to Mrs. Carpenter and she accepted the same in payment of the debt which he owed her.

When the $300 note became due $100 was paid thereon and James Palmer then executed his two notes of $100, each drawing 10 per cent interest, payable to the order of Mrs. Carpenter, and delivered them to her and she surrendered the $300 note.  One of these $100 notes matured on January 1, 1893, and appears to have been paid.  The other matured on January 1, 1894.  This is the note on which this suit is based.  Mrs. Carpenter lost this note before its maturity, but it had never been indorsed nor transferred to any one by her.

In the district court James Palmer set out the usurious loan of money made by Mrs. Carpenter to his brother Joshua, the amount of money that had been paid by Joshua on that loan, and claimed that by reason of the usurious nature of that contract and payments made thereon Joshua had been discharged, and that therefore there was nothing due on the note sued upon, his contention being that the note sued upon was in effect a renewal of the usurious note given by his brother Joshua to Mrs. Carpenter, and that therefore he might successfully interpose the usurious nature of that contract as a defense to the action upon this note.

The district court took a different view of the matter, and it is this action of the court of which James Palmer first complains.  The district court was right.  The $300 note executed by him to his brother and by the latter indorsed and delivered to Mrs. Carpenter was not a renewal of the note which Joshua Palmer had given to Mrs. Carpenter, but was indorsed by Joshua Palmer to Mrs. Carpenter and accepted by her in payment and discharge of the usurious note, and it operated to pay that usurious debt. (*Culver v. Wilbern Bros.*, 48 Ia. 26.)

Since, therefore, this suit was not upon a usurious contract, nor upon any renewal of such contract, the defense of usury to the action was not available to James Palmer. James Palmer was not a party nor a privy to the usurious contract existing between his brother and Mrs. Carpenter.

2. A second complaint of James Palmer is that the district court permitted Mrs. Carpenter to recover a judgment on the lost note without first executing and delivering to him an indemnity bond to protect him from loss and damage by reason of the loss of the note sued upon. But this note was a negotiable note, payable to the order of Mrs. Carpenter, lost before maturity, and had never been indorsed or transferred by her. Under these circumstances is the execution of an indemnity bond by the owner of the note an essential prerequisite to a recovery thereon?

In *Mowery v. Mast*, 14 Neb. 510, it was said that where a negotiable note was lost after maturity a recovery might be had thereon without the execution of an indemnity bond.

In *Means v. Kendall*, 35 Neb. 693, it was said: "Where a negotiable note is lost before it becomes due the court will require the plaintiff to give an indemnifying bond to the maker as a condition of recovering judgment; but where the instrument is lost after it becomes due no bond ordinarily would be required." But the opinion does not disclose whether the lost note sued upon was lost before or after maturity, and the case can be regarded as an authority only for the proposition that an indemnity bond is not necessary to recovery upon a negotiable promissory note lost after its maturity, not having been previously indorsed or transferred. The question was again presented to the court in *Kirkwood v. First Nat. Bank*, 40 Neb. 484, where the authorities upon the subject were reviewed at some length, and the conclusion was there reached that where an instrument negotiable by delivery is lost before maturity a bond of

indemnity should be required as a condition for recovery thereon; but where it was clearly shown that the instrument was payable to order and not indorsed, or that it was lost after maturity, no indemnity bond should generally be required. This case, we, think, controls the decision of the case at bar, and following it we hold that where a negotiable promissory note payable to order is lost before its maturity, never having been indorsed or transferred, the execution of an indemnity bond by the owner to the maker is not an essential prerequisite in order to a recovery upon such note.

The judgment of the district court is

AFFIRMED.