Nancy Goodspeed, Appellant, *v.* Ithaca Street Railway
Company, Respondent.

1. Statute Inflicting Penalties — Construction.   Where there is
a reasonable doubt as to the construction of a statute prescribing a
penalty for its violation, the party of whom the penalty is claimed is
entitled to the benefit of it.

2. Railroad — Unlawful Fare — Mistake of Law.   The Railroad
Law (L. 1890, ch. 565, § 39, amd. L. 1892, ch. 676), inflicting a penalty for
exacting an unlawful rate of fare unless the " overcharge was made
through inadvertence or mistake not amounting to gross negligence,"
contemplates that the mistake relieving the corporation from the penalty
may be one of law as well as one of fact; and where there is shown to
have been a mistake by the corporation in the construction of its statutory
rights, a mistake, not the result of carelessness in being advised upon the
subject, but an honest mistake, such as would govern the conduct of an
ordinarily prudent person honestly desiring to act within his rights, the
corporation is exempt from the penalty.

3. Street Railroads — Penalty for Excessive Charge by Street
Railway Company — When Company Overcoming Certain Grade
Not Liable for Penalty.   A street railroad company having a railroad
which overcomes in its route an elevation exceeding 300 feet to the mile,
within a distance of two miles, is not liable for the penalty imposed by
section 39 of the Railroad Law (L. 1890, ch. 565) for charging and collect-
ing a fare of ten cents for a continuous ride over its road where the com-
pany, acting in good faith and laboring under an honest mistake of law,
which was not the result of carelessness in being advised as to its rights, con-
strued the statute (Railroad Law, § 37) as comprehending within its oper-
ation a street railroad corporation, since section 39 of the Railroad Law,
assuming its applicability to a street railroad corporation, may be read as
including within its exemption from the penalty cases of mistakes in law
as well as mistakes in fact.

*Goodspeed* v. *Ithaca St. Ry. Co.*, 88 App. Div. 147, affirmed.

(Argued March 12, 1906; decided March 27, 1906.)

Appeal from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered
November 18, 1903, affirming a judgment in favor of defend-
ant entered upon a dismissal of the complaint by the court on
trial at Special Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*H. H. Rockwell* for appellant. The decision of the trial court and the Appellate Division, "that in exacting and receiving from the plaintiff an unlawful rate of fare, the defendant acted under a mistake of law not amounting to gross negligence, and was, therefore, not liable for the penalty," was error. (L. 1890, ch. 565, § 90; *People* v. *Clute*, 50 N. Y. 463.)

*S. D. Halliday* for respondent. If the fare asked of the plaintiff was more than the lawful rate it was an overcharge made through mistake not amounting to gross negligence, and the defendant is, therefore, not liable. (*Parker* v. *E., C. & N. R. R. Co.*, 27 Hun, 383; 165 N. Y. 274.)

Gray, J. This appeal involves the construction of section 39 of the Railroad Law, which provides that "any railroad corporation, which shall ask or receive more than the lawful rate of fare, unless such overcharge was made through inadvertence or mistake, not amounting to gross negligence, shall forfeit fifty dollars, to be recovered," etc. The defendant is a street surface railroad corporation, which operates its road within the city of Ithaca, in this state, and which, upon a certain occasion, collected of the plaintiff, at the time a passenger, a fare of ten cents for one continuous ride. She, subsequently, brought this action; alleging that the fare thus collected was unlawful, for being contrary to the rate permitted by the statute, and demanding judgment against the defendant for the penalty of fifty dollars prescribed by the above section. The trial judge gave judgment in favor of the defendant and dismissed the complaint; making this decision, or finding, namely: "That the defendant exacted and received from the plaintiff at the time mentioned in the plaintiff's complaint an unlawful rate of fare; but I have decided the issues in this case in favor of the defendant upon the ground, which I find to be a fact, that in so doing the defendant acted under a mistake of law not amounting to gross negligence," etc. This was one of the defenses interposed by the defendant and

the judgment sustaining it has been affirmed by the Appellate Division, in the third department, by the unanimous vote of the justices.

The unanimous affirmance below of the judgment is conclusive upon this court, with respect to the finding made by the trial court; unless, as a matter of construction, the mistake, which, under the provision of section 39 of the Railroad Law, exempts the company from the penalty, must be one of fact, only. The application of the section to a street railroad corporation is very seriously questioned by the defendant; but the courts below have deemed it generally applicable to all railroad corporations and, as I have reached the conclusion that the judgment was right, I will not discuss the question of its applicability and I will assume, in that respect, that the view of the courts below was correct.

The situation of the defendant under the Railroad Law was somewhat peculiar and doubtful, as to the rate of fare which it was authorized to collect. Section 37 of that law authorized it to collect a fare of ten cents for one continuous ride within the city, provided that section was applicable to a street surface railroad corporation; for the reason that it overcame in its route an elevation exceeding three hundred feet to the mile within a distance of two miles. Upon that condition existing, " every railroad corporation " was authorized by that section to fix and collect such a rate of fare as was received here. The mistake of the defendant, if such it was, was in construing that section of the statute as comprehending within its operation a street surface railroad corporation. It may be observed, in passing, that legislation has, since, expressly authorized it to make the very charge in question. Was this mistake in the construction of the Railroad Law such an one as came within the legislative intent? I think it was. I think it to be evident, from the use of such broad language, that the legislature intended to exempt from the penalty any railroad corporation which, in good faith and without wrongful intention, had demanded and received a rate of fare in excess of that ordinarily to be charged, upon a mistaken construction of the

23

statutory grant of right.  The word "mistake," when used alone, without any limiting expression, will include, of course, a mistake of law as well as of fact.  If its meaning, as used in the statute, was to be narrowed to mistakes upon questions of fact, it would have been proper and more natural for the legislature to say so.  It is argued, however, in effect, that it has always been a rule of law, general and familiar as a maxim, that ignorance of the law excuses no one, and that the language of the legislative enactment must be read in its light. The rule thus invoked is, doubtless, of frequent application in civil cases; as when the misapprehension of a right in the interpretation of an agreement is sought to be excused upon the ground of ignorance of the law.  But there is a marked distinction between such a case, or where the consequence of a person's act is sought to be avoided by reason of a mistake as to the general rule of law, and the present case for the enforcement of a punishment inflicted by a statute, as a penalty for its violation.  Presumably, the legislature, in enacting this section, had in mind the principle that, in the enforcement of a statute giving a penalty, if there be a reasonable doubt, the party, of whom the penalty is claimed, is to have the benefit of it.  (See *Chase* v. *N. Y. C. R. R. Co.*, 26 N. Y. 525.)

Perhaps it would not be too great a stretch of language to say that the defendant, in construing the provisions of section 37 of the Railroad Law as granting to it the right, under the circumstances of its construction, to charge a fare of ten cents, labored under a mistake of fact in classifying itself with the railroad corporations aimed at by the section; but I think the broader ground is quite tenable, that the mistake of the defendant as to the construction of the law in question constitutes an exception to, and is not within the operation of, the general rule relied upon.  That rule is based upon the presumption that every one knows the law.  Such a presumption only obtains, because of the necessity that it should obtain for government to exist.  If it were otherwise, the greatest ignorance would confer the greatest license.  As it was observed in a recent opinion in this court, "While mistakes in law will

not relieve one from liability for his act, in cases where intent, or good faith, is the issue, the party's knowledge of the law may be material." (See *Knowles* v. *City of New York*, 176 N. Y., at p. 438; *U. S.* v. *Realty Co.*, 163 U. S. 427.) Equity makes the distinction between cases where the ignorance is of a well-known rule of law and cases where the ignorance relates to the doubtful construction of some grant; as was pointed out by Lord CHELMSFORD in the case of *Earl of Beauchamp* v. *Winn*, (L. R. [6 Eng. & Ir. App.] 234). He observed that " there are many cases to be found in which equity upon a mere mistake of the law, without the admixture of other circumstances, has given relief to a party who has dealt with his property under the influence of such a mistake." The case is somewhat pertinent, for it involved the construction of a grant in a deed and it was held that ignorance before a decision of what was a true construction of the deed could not be pressed to the extent of depriving the person of relief, on the ground that he was bound himself to have known beforehand how the grant must be construed. I think that the legal presumption of a knowledge of the law is subject to qualification with respect to cases of doubtful construction of grants and that we should hold, in the present case, that the legislature, when prescribing a punishment for the offense, did not intend to foreclose a corporation from relief, where there is shown to have been an honest mistake as to its grant of rights or franchises. It is more just to say that the legislature recognized the equitable distinction in the application of the rule, which refuses to admit the excuse of ignorance of the law, and provided for relief from the penalty in the case of an honest mistake. The question of the defendant's right, or privilege, under the Railroad Law, to charge at a rate of fare in excess of five cents, as prescribed by section 101 of the Railroad Law for a continuous ride, is in principle, essentially, similar to the question of the doubtful grant in the deed in the *Earl of Beauchamp's Case*, (*supra*).

In providing for an exemption from the penalty, when the overcharge was made through a " mistake not amounting to

gross negligence," the purpose of the statute may not have been very happily expressed ; but the meaning is quite obvious and there should be no real embarrassment.    The mistake, which is to be relieved from, must not have been the result of carelessness on the part of the corporation in being advised upon the subject of its legal rights.    The circumstances should show that its action was induced, in the particular case, for such reasons as would govern the conduct of an ordinarily prudent person, honestly desiring to act within his rights.

If we did not read section 39 as including within its exemption from the penalty cases of mistakes in law as well as of mistakes of fact, I think that we should be, quite unwarrantably, refusing to admit a distinction in the application of the general presumption of law referred to, which equity recognizes, which is just in itself and which the legislature, from its unqualified language, may well be presumed to have understood.

For these reasons, I advise the affirmance of the judgment, with costs.

CULLEN, Ch. J., HAIGHT and WILLARD BARTLETT, JJ., concur; EDWARD T. BARTLETT and VANN, JJ., dissent upon the ground that the statute means such a mistake as the common law affords relief against, which is a mistake of fact, for even a court of equity gives no relief, unless special circumstances raise a special equity in connection therewith; CHASE, J., not sitting.

Judgment affirmed.