[No. 18037. *En Banc.* April 1, 1924.]

JAMES P. GLEASON, *Respondent,* v. W. S. K. BROWN, *as Executor etc., Appellant.*[1]

ALTERATION OF INSTRUMENTS (12)—EVIDENCE—SUFFICIENCY. The fact that stamped words were on a check at the time it was signed is conclusively established where it appears that the words were written over the stamp at the time of the execution of the check.

BILLS AND NOTES (90)—CANCELLATION—PAYMENT OF CHECK BY MISTAKE—EFFECT. The payment of a check by the bank after the death of the maker is a mistake and inoperative, under Rem. Comp. Stat., § 3513, providing that a cancellation made unintentionally or without authority of the holder is inoperative.

SAME (119)—ACTIONS—FAILURE OF CONSIDERATION—BURDEN OF PROOF. Under Rem. Comp. Stat., § 3415, the defense of lack of consideration for a negotiable instrument must be affirmatively pleaded and the burden of proof is upon the one asserting failure of consideration; and it is immaterial that the maker is dead and the suit against a personal representative.

APPEAL (452)—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE—TRIAL DE NOVO. The admission of erroneous evidence is harmless where evidence properly admitted sufficiently supported the judgment.

MACKINTOSH, HOLCOMB, TOLMAN, and FULLERTON, JJ., dissent.

Appeal from a judgment of the superior court for King county, Huneke, J., entered February 2, 1923, upon findings in favor of the plaintiff, in an action to enforce a claim against the estate of a deceased, tried to the court. Affirmed.

[1]Reported in 224 Pac. 930.

*Grosscup & Morrow,* for appellant.

*Stratton & Kane,* for respondent.

PEMBERTON, J.—This is an action upon a rejected claim against the estate of James A. Murray, deceased, as follows:

"The estate of James A. Murray, deceased,
    "To J. P. Gleason, Dr.
    "To the amount of check drawn by James A. Murray, payable to J. P. Gleason, or order, dated September 11th, 1916, drawn on American Savings Bank & Trust Co., Seattle, Wash., Bankers Trust Company, Tacoma, Wash., twenty-five thousand ($25,000.00) Dollars, paid by American Savings Bank & Trust Company after the death of said James A. Murray, and re-deposited by said J. P. Gleason in American Savings Bank & Trust Company to account of J. P. Gleason, special administrator of the estate of James A. Murray, deceased, October 20th, 1921, and by said J. P. Gleason, special administrator, paid over to W. S. K. Brown, executor of the estate of James A. Murray, on December 20th, 1921. A copy of said check and a duplicate of the deposit to said special administrator's account are hereto attached.

    "Balance due and unpaid to claimant....$25,000.00
"Copy.                (Sd.) J. P. Gleason, Claimant.
        Tacoma, Washington, Sep. 11, 1916.
"American Savings Bank & Trust Company,
            Seattle, Washington.
"Bankers Trust Company,
            Tacoma, Washington.
"Pay to J. P. Gleason, or order............$25,000.00
    "Twenty-five Thousand & no/100....Dollars.
                        "James A. Murray."

Both appellant and decedent were largely interested in the Bankers Trust Company at Tacoma, and in the American Savings Bank & Trust Company at Seattle, and the deceased had a deposit account in each of these institutions more than sufficient to pay the amount of this check. The deceased was president of the Am-

erican Savings Bank & Trust Company of Seattle, and respondent was vice-president and manager from 1902 until 1914, when respondent succeeded to the presidency. Murray was not a resident of this state. In November, 1917, the deceased had on deposit in the American Savings Bank & Trust Company at Seattle the sum of $191,073.75, and at no time thereafter had less than $40,000 subject to check. The Bankers Trust Company was taken over by another bank.

On September 11, 1916, the deceased, being alone in the president's office of the American Savings Bank & Trust Company of Seattle, called in the cashier. At the request of deceased, the cashier took a blank counter-check, scratched out the word "Seattle," and wrote in on the headline "Tacoma," wrote on the blank line for the name of the drawee the words "Bankers Trust Co., Tacoma," wrote on the blank line before the word "Dollars" the words "Twenty-five Thousand and no/100," and the figures "$25,000.00" in the blank space following, and then handed it to the deceased. The cashier, before leaving the room, saw deceased sign the check and fill in the name of respondent as payee. He had no recollection as to whether the words "American Savings Bank & Trust Company, Seattle, Washington," imprinted on the check by a rubber stamp, were there or not when he last saw the check, and had no recollection as to when or how these stamped words were placed upon the check.

Respondent, over objection, testified that the check was delivered to him as his property; was for an indebtedness owing to him by the deceased, and that it had been in his possession since the date it bears. It was the cashier's recollection that there was nothing on the check but the regular printed form when he began to write. It is therefore inferred by appellant that the stamped words, "American Savings Bank & Trust

Company, Seattle, Washington," were added after the cashier left the room and after Murray had signed the check. From an examination of the check itself it is clearly shown that the words "Bankers Trust Company" are written over the words "American Savings Bank & Trust Company of Seattle, Washington," stamped upon the check, and this conclusively shows that these words were stamped upon the check before the check was written out by the cashier of the bank, and it was not necessary to introduce further proof in support of this contention.

Respondent, after the death of Murray, caused the check to be presented at the Seattle bank, paid and canceled.

On May 27, 1921, respondent on his own petition was appointed special administrator of the Murray estate in Washington. On October 20, 1921, upon the advice of his attorney, he paid back to himself as special administrator the $25,000 he had received from the bank. Appellant qualified as executor in Washington in October, 1921, and within six months thereafter the verified claim of respondent was filed. The trial court sustained the claim, from which this appeal is taken.

It is the contention of appellant that the claim of respondent is upon the check and not for the indebtedness for which the check was given; that, had the check remained in force and had it not been paid and canceled, the check then might have all the force and effect of a negotiable instrument, and the burden of proof would be upon appellant to show a lack of consideration; that the check, having been paid and canceled, is dead and its evidentiary force utterly extinguished under the rule "that when the negotiable instrument is once paid and satisfied in due course of business, the liability of all of the parties thereon is discharged, and the paper is dead, and the contract evidenced thereby

is utterly extinguished." 3 R. C. L., § 502, p. 1272. And "payment by the drawee of a check extinguishes it and the bank cannot thereafter reissue it so as to create a liability thereon against the prior endorsers thereon, or the drawer." 8 C. J. 588.

Our statute provides (Rem. Comp. Stat., § 3513) [P. C. § 4194], as follows:

"A cancellation made unintentionally, or under a mistake, or without the authority of the holder, is inoperative; but where an instrument or signature thereon appears to have been cancelled the burden of proof lies on the party who alleges that the cancellation was made unintentionally, or under a mistake or without authority."

Certainly the payment of this check by the bank after the death of Murray must be considered a mistake and the cancellation inoperative under this section. In fact, as a matter of law, there was no payment of the check. The bank could not use the money on deposit in the name of Mr. Murray for the payment of this check after his death. Therefore the money used in that transaction was not the money of the estate of Mr. Murray but was other money of the bank, and had the bank filed its claim against the estate for the amount so advanced for the check, it could have recovered therefor as the owner and holder of the same. Certainly appellant cannot take the two inconsistent positions of claiming that the money of the estate could not be paid upon the check in its discharge, and that the money of the estate was paid for that purpose and the check canceled and discharged.

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." § 3415, Rem. Comp. Stat. [P. C. § 4095].

The defense of the lack of consideration must be affirmatively pleaded and the burden of proof is upon the one asserting failure of consideration. *State Bank of Clarkston v. Morrison,* 85 Wash. 182, 147 Pac. 875; *Scott v. Bourn,* 13 Wash. 471, 43 Pac. 372; *McKenzie v. Oregon Imp. Co.,* 5 Wash. 409, 31 Pac. 748; *Baker-Boyer Nat. Bank v. Hughson,* 5 Wash. 100, 31 Pac. 423.

"And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved." § 3407, Rem. Comp. Stat. [P. C. § 4087].

In the case of *Poncin v. Furth,* 15 Wash. 201, 46 Pac. 241, we said:

"We are cited to no authority which supports the contention that the rules of evidence are changed when a suit is brought upon negotiable paper against *the legal representative of a deceased person and that 'the death of the maker . . . wipes out the presumptions and rules of evidence which control such paper among living persons.'* "

It is contended that certain testimony was inadmissible. The execution and delivery of the check is not disputed. The erroneous admission of testimony would not be considered reversible error because the evidence properly admissible sufficiently supports the judgment. *Conlan v. Spokane Hardware Co.,* 117 Wash. 378, 201 Pac. 26; *Johnson v. Clark,* 120 Wash. 25, 206 Pac. 914; *Rohrer v. Snyder,* 29 Wash. 199, 69 Pac. 748; *Smith v. Smith,* 56 Wash. 461, 105 Pac. 1030.

The judgment of the trial court will be affirmed.

MAIN, C. J., MITCHELL, BRIDGES, and PARKER, JJ., concur.

MACKINTOSH, HOLCOMB, TOLMAN, and FULLERTON, JJ., dissent.