Submitted on briefs May 10; reversed May 17, 1938

## FITZGERALD *v.* NELSON ET AL.

(79 P. (2d) 254)

In Banc.

*Herbert P. Welch* and *T. S. McKinney*, of Lakeview, for appellants.

*Theodore R. Conn*, of Lakeview, for respondents.

KELLY, J. After stating that, by order of the county court, plaintiff as administrator, with the will annexed, of the estate of Susan D. Hartzog, deceased, files the complaint herein, it is alleged in said complaint that in December, 1930, defendants executed their joint and several promissory note to said decedent, Susan D. Hartzog, payable on demand in the sum of $2,000 with interest from date at the rate of 4 per cent per annum in which note it is provided that in case of suit or action thereon a reasonable attorney's fee shall be paid; that $250 is a reasonable sum to be allowed as attorney's fees and that no part of said note has been paid.

Paragraphs III, IV and V of said complaint are as follows:

"III

That during all the times herein mentioned the said Chas. A. Nelson and Delphia Nelson were, and now are, husband and wife and Susan D. Hartzog (now deceased, and the payee in said promissory note), was the mother of said Delphia Nelson; that in the month of December, 1933, the said Susan D. Hartzog was of the age of

about eighty years, and was at said time, and had been for a number of years prior thereto, partially paralyzed; and at said time, and for a number of years prior thereto, it had been, and was, necessary for her to depend, in a measure, upon other persons for her physical care.

### IV

That the said Susan D. Hartzog was the widow of D. H. Hartzog, deceased, and under and by virtue of the Last Will and Testament of the said D. H. Hartzog, deceased, and under and by virtue of certain deeds of conveyance to the lands belonging to the estate of the said D. H. Hartzog, deceased, the said Susan D. Hartzog during her lifetime, was entitled to receive and did receive, all of the rents and profits from the Hartzog lands.

A copy of the Last Will and Testament of the said D. H. Hartzog, deceased, is hereto attached and marked Exhibit 'A', and by reference made a part hereof.

### V

That on or about the 26th day of December, 1933, the said Susan D. Hartzog was residing with Pearl Smalley, a daughter, in Lakeview, Oregon, and on or about the said date the said defendant, Delphia Nelson, came to the Smalley home and induced the said Susan D. Hartzog to surrender to her and cancel the said promissory note, and the said decedent, then believing that the said Delphia Nelson was entitled to share in the rents and profits from the Hartzog lands, and then believing that she (there) was due the said Delphia Nelson certain funds that had accumulated as rents and profits from said lands, then and there delivered up said promissory note to the said Delphia Nelson for cancellation; that each of said persons were then and there mistaken in the premises in that the said Delphia Nelson was not, and had not been, entitled to share in any of the rents and profits from the Hartzog lands, but all of said rents and profits belonged to said decedent.''

The further and separate cause of action is based upon the alleged payment by said decedent, Susan D. Hartzog to defendants of the sum of $211.37 under the same inducement and by reason of the same alleged mistake.

Defendants seek to justify the order sustaining their demurrer to said complaint upon three grounds:

First, that the complaint discloses merely a family settlement.

Second, that an action at law cannot be maintained upon a note which has been canceled; and

Third, payment of money under mistake of existing legal rights may not be recovered.

We are unable to concur in the construction of the complaint given by defendants to the effect that it alleges a family settlement.

■ A family settlement is defined as "an agreement between the members of a family settling the distribution of family property among them." Ballentine's Law Dictionary, page 489.

The complaint does not state the nature of defendant's alleged claim to the rents from the Hartzog lands. While it alleges that defendant, Delphia Nelson, is the daughter of decedent, Susan D. Hartzog, it does not allege that the daughter's claim to said rents was based upon such relationship. Neither does it allege that said defendant is the daughter of D. H. Hartzog, deceased, nor that she claimed said rentals by reason of her relationship to said D. H. Hartzog, deceased. Furthermore, there is no allegation that said Delphia Nelson accepted said note and received payment of said money in settlement of her claim to any family property. The allegation is that the rents belonged to plaintiff; that under a mutual mistake both Susan D. Hartzog and Delphia Nelson believed that such rental belonged to

the latter, and that defendant Delphia Nelson induced plaintiff to cancel said note and pay said money.

■ With reference to the cause of action based upon the execution of the note in suit, this case is controlled by the provision of the statute to the effect that a cancellation made under a mistake is inoperative. Section 57-805, Oregon Code 1930.

It will be noted that the statute does not restrict the term, mistake, to a mistake of fact.

In New York, a provision of the railroad law relieving the carrier from the prescribed penalty of over-charge where the same was made "through inadvertence or mistake not amounting to gross negligence" it was held that the mistake rendering the penal clause inoperative might be one of law as well as one of fact: *Goodspeed v. Ithaca Street Railway Co.*, 184 N. Y. 351 (77 N. E. 392).

The supreme court of Washington has applied the provisions of the statute, rendering cancellation inoperative, to a case where the payee of a check after the death of the maker thereof presented it to the bank upon which it was drawn whereupon it was paid and canceled; but subsequently the payee, upon advice of counsel, restored the money to the estate of the maker; of which the payee had become the special administrator, and thereafter filed a claim against said estate upon said check and instituted an action thereon: *Gleason v. Brown*, 129 Wash. 196 (224 P. 930).

The Washington case was an action at law and the mistake inducing the cancellation was one of law.

The supreme court of Alabama affirmed a judgment in favor of plaintiff in a case tried by the court sitting as a jury and involving the issue of an alleged inoperative cancellation: *Thompson v. Fourth National Bank of Montgomery*, 215 Ala. 476 (111 So. 29).

The supreme court of Iowa has affirmed a judgment for plaintiff in an action at law involving an inoperative cancellation.

In re Philpott's Estate, *LeClerc v. Philpott*, 169 Iowa 555 (151 N. W. 825, Ann. Cas. 1917B, 839, 164 N. W. 167).

The appellate court of Indiana has taken the same view in a case instituted before the Uniform Negotiable Instruments Law became effective, in which case an inoperative cancellation was involved: *Morris v. Reyman*, 55 Ind. App. 112 (103 N. E. 423).

■ The procedure thus observed in the cases just cited indicates that, where a cancellation has been rendered inoperative, the payee may recover upon the instrument in an action at law; and we so hold.

Independently of the Uniform Negotiable Instruments Statute, the Missouri court of appeals has held that where a note secured by a chattel mortgage was not paid or discharged, although returned to the maker, the holder could foreclose according to the terms of the mortgage without any preliminary action in equity. There a mistake occurred with respect to the amount of seed cotton actually delivered: *Goodin Mercantile Co. v. Organ*, 186 S. W. 589.

Counsel rely upon *Scott v. Ford*, 45 Or. 531 (78 P. 742, 80 P. 899, 68 A. L. R. 469), in support of their claim that the complaint alleges a mistake of law. In that case money had been paid to defendant, Eva Ford, by the executors of the last will and estate of Church Sturtevant, deceased, as a share of a bequest to the children of Mary J. Stephens. It was claimed by plaintiff in that case that they were informed and believed that Hosea Stephens, father of said defendant, Eva Ford, and a son of Mary J. Stephens, was alive at the time said Church Sturtevant executed a codicil to his will be-

queathing a certain share of his estate to the children of Mary J. Stephens, while in fact said Hosea Stephens had died before said codicil was executed. This court said in that case:

"If these allegations were true, and plaintiffs were not intentionally neglectful in ascertaining the real facts in relation thereto, and if they paid the money assuming *bona fide* that Hosea was alive at the time when the codicil took effect, when in truth he was not, and hence he was (not) a legatee, then there was also an error of fact, for which they should be excused and ought to recover."

Earlier in that opinion, we find the expression:

"We conclude, therefore, that a mistake as to law, with knowledge of all the facts, there being no fraud or deceit or *undue importunity*, (italics supplied) will not excuse; but where there is an error of fact, *bona fide*—as where some fact exists that is unknown, or is supposed to exist when in reality it does not, not arising from the intentional neglect of the party to inquire as to the real condition, even if accompanied with a mistake or ignorance of the law, a recovery may be had."

In the case at bar, it is alleged that plaintiff's decedent was 80 years old and physically incapacitated; that defendant, her daughter, induced her to pay the money in suit under the belief that the daughter was entitled to certain rents and profits to which in fact the daughter was not entitled. These facts tender the issue whether there was undue importunity on the part of the daughter so dealing with her mother advanced in years and impaired in strength as alleged.

██ The action for money had and received is equitable in its nature and the question presented is whether money has been paid by plaintiff to defendants which in equity and good conscience belongs to plaintiff. Construing the complaint in its entirety, we hold that it

states facts, which if true, disclose that in equity and good conscience defendants ought not to withhold the money alleged to have been paid to them by decedent from decendent's personal representative.

The demurrer should have been overruled as to both alleged causes of action.

The judgment of the circuit court is reversed and the cause remanded for such further proceedings as are not inconsistent herewith.

RAND, J., did not participate in this opinion.