JESSE BASHUS, APPELLANT, V. PHILIP F. ABBOUD, ADMINISTRATOR, ET AL., APPELLEES.

298 N. W. 153

FILED MAY 16, 1941. No. 31035.

*John W. Cooper,* for appellant.

*Anson H. Bigelow* and *Philip F. Abboud, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and YEAGER, JJ.

PAINE, J.

Plaintiff brought suit in equity on a note and mortgage, neither of which was in his possession. Defendants pleaded payment. Court found for the defendants, and dismissed the cause of action. Plaintiff appeals.

The amended petition alleges that Jesse Bashus made a loan to Harry C. Farach, and on January 15, 1935, Farach and his wife, Sadie, gave him a promissory note for $200, bearing 9 per cent. interest. Plaintiff alleges he is unable to attach a copy, as it has been misplaced or lost, but sets out the substance thereof. He further alleges that, to secure payment of said note, the Farachs gave him a mortgage on lot 4, block 8, in Benson View Acres, in Douglas county, which was duly recorded on January 25, 1935, and a copy of said mortgage is attached to the petition as exhibit A.

It is further alleged that Sadie Farach and Harry C. Farach, the mortgagors, have both died; that the property was held as joint tenants, so that upon the death of Sadie Farach the title to the premises vested in said Harry C. Farach, and defendant Philip F. Abboud is administrator of his estate.

Vivian Farach, a minor daughter, is the sole heir of her parents, and Katie Farach is guardian of her person, and the Omaha National Bank is guardian of her estate.

The plaintiff prayed for accounting and foreclosure. Upon

motion, cause was dismissed as to Philip F. Abboud, administrator, and Anson H. Bigelow was appointed guardian *ad litem.*

The answer of Vivian Farach by her guardians admits the execution and delivery of the note and mortgage, and alleges that the note of $200 was fully paid, and the original surrendered to Harry C. Farach, and plaintiff promised at said time to release the mortgage of record, but has failed to do so, and now refuses to do so, and has fraudulently brought suit thereon; therefore, defendants pray that the petition be dismissed.

On March 12, 1940, the trial court found for defendants, and ordered that the cause be dismissed. Motion for new trial set out the usual grounds therefor.

The evidence discloses the testimony of J. J. Panuski, an abstractor, that the taxes were unpaid on the property for the years 1929 to 1938, in the amount of $47.26. The plaintiff testified to making the loan, and explains his failure to produce the note by saying: "In May when we had that hearing up here for the sale of this property, I had the note, and I don't seem to recollect exactly, it seems as though I turned it over to my lawyer, but he didn't seem to be able to locate it."

Plaintiff claims that on July 15, 1935, at his beer tavern near Fort Crook, Farach paid him $100, and he gave him back the abstract and deed so he could get a loan some place; that later on Farach's wife had to have an operation for cancer, and so he loaned him $50 back of the $100 he had paid.

John W. Cooper testified that plaintiff had given him the note to make an application in court for a license to sell real estate. On cross-examination he said he is not positive he got the note, but thinks he had it at one time.

The defendants' witness George I. Bero testified he went to the bank and got $300 to loan Harry C. Farach, and the two of them with H. J. Walsh, who owned the car, drove to plaintiff's tavern near Fort Crook, and he paid plaintiff $250 in currency, and the plaintiff gave abstract and mort-

gage back to Harry C. Farach, and that plaintiff wrote on the mortgage, "Paid in full," and signed his name, but that plaintiff did not have time to release the mortgage. This testimony is, in the main details, supported by the testimony of Walsh.

Defendants contend that positive and corroborated testimony proving payment of the loan in full, coupled with the fact that plaintiff failed to produce either the note or mortgage, takes from the plaintiff the presumption of non-payment.

Plaintiff maintains that a suit can be maintained in equity on a lost mortgage, which has been duly recorded, and note secured thereby, if petition alleges diligence in endeavoring to secure them. *Mowery v. Mast & Co.,* 14 Neb. 510, 16 N. W. 839; *Kirkwood v. First Nat. Bank of Hastings,* 40 Neb. 484, 58 N. W. 1016, 48 L. R. A. n. s. 656, Ann.; *Thayer v. King,* 15 Ohio, 242, 45 Am. Dec. 571; *Palmer v. Carpenter,* 53 Neb. 394, 73 N. W. 690; 17 R. C. L. 1184, sec. 20; 8 Am. Jur. 333, sec. 621; 8 Am. Jur. 441, sec. 787; *Storey v. Kerr,* 2 Neb. (Unof.) 568, 89 N. W. 601; *Allendorph v. Ogden,* 28 Neb. 201, 44 N. W. 220.

The defendants set up payment in full in their answer, which was denied in the reply.

The law relating to this situation is that, when payment is pleaded, which is disputed, the burden is on the party pleading payment to prove the same by a preponderance of the evidence; and if he fails to do so, or if the evidence on that issue is evenly balanced, proof of payment is insufficient. *Mullally v. Dingman,* 62 Neb. 702, 87 N. W. 543; *Davis v. Hall,* 70 Neb. 678, 97 N. W. 1023; *Morris v. Equitable Life Assurance Society,* 109 Neb. 348, 191 N. W. 190; *Ashland Land & Live Stock Co. v. May,* 51 Neb. 474, 71 N. W. 67.

From a careful reading of the bill of exceptions, we find that the testimony of George I. Bero is positive as to payment of the note, and unchanged on cross-examination. This testimony was well supported by the testimony of H. J. Walsh. The trial judge saw all the witnesses and

heard their evidence, and decided that the note had been paid in full at the time and place and in the manner they described.

We see no good reason why the judgment of the trial court should be changed in any particular, and the same is hereby

AFFIRMED.