### STATE STREET TRUST CO. v. MUSKO-GEE ELECTRIC TRACTION CO. et al.

No. 4547.

United States Court of Appeals
Tenth Circuit.

May 15, 1953.

Rehearing Denied June 15, 1953.

Pickett, Circuit Judge, dissented.

C. A. Ambrister, Muskogee, Okl., and George B. Rowell, Boston, Mass., for appellant.

W. R. Banker, Muskogee, Okl. (A. Camp Bonds and Andrew Wilcoxen, Muskogee, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

The sole question presented by this appeal is whether the intentional destruction of negotiable instruments by the holder, believing them to be valueless, works a cancellation and discharge of the debt evidenced thereby. The facts are not in dispute.

In October 1939, Florence K. Twombly was the owner of sixteen bonds of a series issued May 1, 1912, by the Muskogee Electric Traction Company. At that time the bonds had long since been in default of both principal and interest, and being advised by a representative of the State Street Trust Company that they were valueless, she burned them. Ten years later, while the Traction Company was in bankruptcy for reorganization, the trust officer for the State Street Trust Company learned that the bonds had some value, whereupon he wrote to the Traction Company advising them of the destruction of the bonds by Mrs. Twombly while under the impression they were worthless, and inquired what steps could be taken to put the bonds in line for payment. He was informed by the Trustee for the Traction Company that he did not know of any steps for presenting a claim for the lost or destroyed certificates. Under the confirmed plan of reorganization, the bonds of this series were exchangeable for the sum of $400.00 in cash and $600.00 in preferred stock upon their surrender to the designated depository. The Trust Company made application and demand for the

922

payment of the bonds in accordance with the plan of reorganization, tendering to the designated depository an indemnity bond against wrongful payment. When the depository refused to exchange the bonds in the absence of an order of the court decreeing Mrs. Twombly to be the rightful owner, and directing payment to her, this suit was instituted to recover the value of the bonds under the plan of reorganization. Since the institution of the suit, the State Street Trust Company has been substituted as conservator of Florence Twombly's estate.

The trial court held that "when the plaintiff intentionally destroyed or burned the bonds in question, she thereby cancelled the debt created or represented by the instrument"; that "at least, a presumption of an intention to cancel the indebtedness arises from the intentional destruction of the instruments and the plaintiff did not sustain the burden of proof to overcome this presumption." This appeal is from a judgment for the Traction Company.

Conceding the uniform rule, applicable in Oklahoma, that a negotiable instrument is discharged "by the intentional cancellation thereof by the holder", 48 O.S.A. § 261, subd. 3, the appellant strenuously denies that the intentional physical destruction of the bonds in these circumstances worked a cancellation or discharge of the debt. It is said that to effect the discharge of the debt, the physical destruction of the negotiable instrument must be accompanied by an intention to forgive, and that the mere physical destruction of the bonds, believing them to be worthless, is no evidence of such intention.

 It is undoubtedly true that there can be no discharge by cancellation without an intent to wipe out or nullify the obligation, for an unintentional or mistaken cancellation is inoperative. 48 O.S.A. § 265. But, it has been uniformly held that intentional destruction of a negotiable instrument is the highest evidence of an intention to discharge and cancel the debt represented thereby. Larkin v. Hardenbrook, 90 N.Y. 333, 43 Am.Rep. 176; 8 Am.Jur.Sec. 787, p. 442. Most, if not all, of the cases which sustain the discharge of the debt by physical destruction of the evidence, involve a gratuitous or beneficent renunciation, usually amounting to a gift. Norton v. Smith, 130 Me. 58, 153 A. 886; Darland v. Taylor, 52 Iowa 503, 3 N.W. 510; Wilkins v. Skoglund, 127 Neb. 589, 256 N.W. 31; McDonald v. Loomis, 233 Mich. 174, 206 N.W. 348; Sullivan v. Shea, 32 Cal.App. 369, 162 P. 925; Henson v. Henson, 151 Tenn. 137, 268 S.W. 378, 37 A.L.R. 1131.

██ But, discharge by intentional cancellation under Section 261, Title 48 O.S.A., need not rise to the dignity or meet the requirements of an unconditional renunciation under Section 264. See Wilkins v. Skoglund, supra. In determining whether there has been an intentional cancellation, "The purpose or intent of the holder beyond intent to destroy his evidence of indebtedness is immaterial." This rule is derived from the concept that the intentional destruction of a note or other security destroys the rights of action upon it. McDonald v. Loomis, supra. To hold that an intentional destruction does not work a discharge in the absence of a gratuitous or beneficent motive would greatly weaken, if not nullify, the explicit words of the statute.

Clearly, by the intentional destruction of the bonds, Mrs. Twombly did not thereby intend to forgive the obligation in the sense of conferring a gratuity or bounty upon the Traction Company. Her intentional destruction of these bonds was nevertheless the highest evidence of her intention to forgive the obligation, at least in the sense of forgetting it or wiping it out.

This evidence can be overcome by showing to the satisfaction of the trier of the facts that the bonds were destroyed unintentionally or under mistake within the meaning of Section 265. The court held, and there can be no doubt, that Mrs. Twombly actually intended to burn these particular bonds. The appellant earnestly contends, however, that the destruction of the bonds was a mistake within the meaning of the statute and therefore inoperative.

██ Taken in its ordinary accepted meaning, and given its full legal signifi-

cance, mistake means some unintentional act, omission or error arising from ignorance, surprise, imposition or misplaced confidence. 27 Words & Phrases, page 365. And, as used in Section 265, it may be one of law as well as fact. Fitzgerald v. Nelson, 159 Or. 264, 79 P.2d 254; Gleason v. Brown, 129 Wash. 196, 224 P. 930; In re Philpott's Estate, 169 Iowa 555, 151 N.W. 825. But in either event, the burden of proof lies with the party relying upon mistake to avoid cancellation. Section 265. Clarendon County, S.C. v. Curtis, 4 Cir., 46 F.2d 888; Morris v. Reyman, 55 Ind. App. 112, 103 N.E. 423; Drake Lumber Co. v. Semple, 100 Fla. 1757, 130 So. 577, 75 A. L.R. 687.

■ There is no contention that the destruction was induced in any way by the maker or its agent. They were admittedly destroyed upon the advice of the holder's financial agent, appellant here. The appellant's only claim to excusable mistake is that she destroyed the bonds under the mistaken belief that they were worthless. There is no evidence even tending to show that Mrs. Twombly was mistaken, misled or ignorant of the facts bearing upon the value of the bonds at the time she destroyed them. They had been in default of principal and interest for approximately six years, and her decision that they were worthless was prompted by advice given her in good faith and upon which she had a right to rely. If subsequent and unforeseen events disproved the wisdom of that advice and decision, it cannot now form the legal or factual basis for the repudiation of a consummated act of forgiveness. The mistake must be judged in light of the facts and the law as they existed when the bonds were actually destroyed with the intention of forgetting and wiping out the debt.

■ This is not a claim asserted in a bankruptcy court where the broad equitable powers of the court may be brought into play in the allowance or disallowance of claims against the estate. Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281; Prudence Realization Corp. v. Geist, 316 U.S. 89, 62 S.Ct. 978, 86 L.Ed. 1293. Nor is it an action for money had and received as in Ryan v. Spaniol, 10 Cir., 193 F.2d 551. It is a suit upon a negotiable instrument, as to which the policy of the law requires strict adherence to the rules of the Law Merchant.

The judgment is not clearly erroneous and it is affirmed.

PICKETT, Circuit Judge (dissenting).

Mrs. Twombly was the owner of the bonds in question and the trial court found that she destroyed them because she had been advised that they were worthless.[1] It is admitted that the bonds had not been paid. The Traction Company recognized them as outstanding obligations and carried them on its books as such up to and during the reorganization proceedings. It included them in its reorganization plan in the same manner as the other bonds. Apparently it had not been notified of the destruction by Mrs. Twombly or anyone else.

It is conceded that there was no effective cancellation of the obligation created by the bonds, unless the destruction was with that intent. I am of the view that the finding of the court, together with the foregoing circumstances, negatives any intent on the part of Mrs. Twombly to discharge the obligation when she burned the bonds and that this is sufficient to overcome the presumption that arises from an intentional destruction of a negotiable instrument.

The authorities are generally in accord that where the holder of a negotiable in-

1. The court's findings 5 and 6 are:
"That on or about the first of October, 1939, Florence K. Twombly was the owner of bonds numbered 464–478 inclusive and bond number 495 of the series of bonds issued May 1, 1912, by the defendant, Muskogee Electric Traction Company.

"That the said Florence K. Twombly on or about said date was informed by a representative of the State Street Trust Company that these bonds were valueless and therefore she burned them."

924

strument by mistake marks it paid, or surrenders it to the maker, or even mutilates or destroys it, the obligation is not necessarily cancelled. Clarendon County v. Curtis, S.C., 4 Cir., 46 F.2d 888; Gardner v. Rutherford, 57 Cal.App.2d 874, 136 P.2d 48; Fitzgerald v. Nelson, 159 Or. 264, 79 P.2d 254; Gleason v. Brown, 129 Wash. 196, 224 P. 930; Proebstel v. Trout, 60 Or. 145, 118 P. 551; Morris v. Reyman, 55 Ind.App. 112, 103 N.E. 423; Bashus v. Abboud, 139 Neb. 579, 298 N.W. 153; Wilkins v. Skoglund, 127 Neb. 589, 256 N.W. 31; McDonald v. Loomis, 233 Mich. 174, 206 N.W. 348. The reasoning of these cases, I think, applies to this case.

It is true, of course, that we are dealing with the Negotiable Instruments statutes of Oklahoma and the case must be determined by those statutes and not by equitable principles. The statutes, however, were primarily designed to prescribe a course of conduct in. the handling of negotiable instruments to prevent frauds and their use should not be permitted to perpetrate a fraud.

48 O.S.A. § 265 provides that a cancellation made unintentionally or by mistake is inoperative. Clearly, if the bonds had been burned under the mistaken belief that they were some other instruments there could have been a recovery. 8 Am.Jur., Bills and Notes, § 787. The mistake made by Mrs. Twombly comes within the statute and the definition set forth in Judge Murrah's opinion.

The plaintiff in its demand for settlement offered to indemnify the Traction Company against loss if the bonds were recognized. The court in its discretion could have required such security prior to settlement. Buckman v. Hill Military Academy, 182 Or. 621, 189 P.2d 575, 581, Annotation, 129 A.L.R. 977. With this protection it seems to me to be unconscionable to permit a retention of these funds by the Traction Company.

I would reverse the judgment and direct judgment be entered for the plaintiff.